**Robert E. BEAVERS, Appellant,**

v.

**COMMONWEALTH of Kentucky,**
**Appellee.**

Supreme Court of Kentucky.

Dec. 16, 1980.

David A. Lambertus, Martha A. Lawfer, Louisville, for appellant.

Steven L. Beshear, Atty. Gen., Robert W. Hensley, Asst. Atty. Gen., Frankfort, for appellee.

STEPHENS, Justice.

Robert E. Beavers was indicted by the Jefferson County grand jury on charges of burglary in the third degree, receiving stolen property over $100 and being a persistent felony offender. Following a trial by jury, Beavers was found not guilty of burglary and guilty of receiving. He was found to be a persistent felony offender and his sentence was enhanced from 1 to 20 years imprisonment. This appeal results.

While appellant alleges several grounds of error, we will consider only the charge of prejudicial misconduct by the prosecuting attorney.

The facts are as follows. David Covington testified that his garage was broken into and that a lawnmower, a bicycle and a weed eater were stolen. Two neighbors saw a van parked near the garage and called police. The stolen goods were in the van, which was driven by appellant and owned by his employer, Bob Wells, a painting contractor. At the time of the arrest, the appellant was leaving a tavern where he had parked the van. Following the arrest, the van was removed to the police department's "tow–in" lot for storage. No one testified as an eyewitness to the burglary. The defendant did not testify in his own behalf.

During the closing argument, the prosecutor, William Knopf, an assistant Commonwealth attorney in Jefferson County, commented on the alleged failure of appellant to deny the commission of the crime to his employer, Bob Wells. The relevant part of the argument is as follows:

"We heard the testimony of his employer, Bob Wells, who said, yes, he had the truck. Mr. Wells obviously was concerned about his van, where's my van, and he calls up the defendant. *He said that I knew the man had been arrested and is questioning him about that and he testified that this man did not deny committing the crimes* and he was fired. I want you to think about it. This man is such a good employee. I want you to think about it. If you were wrongfully accused of a crime and your employer called you up _ _ _

Mr. Lambertus: Judge, I am going to object to this.

Mr. Knopf: You gave your theory and I am giving mine.

Your employer calls you up and says, where is my truck. *It's in the pound and you have been charged with a crime. If you didn't commit the crime, wouldn't you be crying and saying hey, I didn't commit that crime.* I don't know anything about it. Somebody else did it. Don't you think that is the logical thing, the reasonable thing. He didn't deny the crime. *He didn't say anything about it, and silence is an admission of guilt, Ladies and Gentlemen of the Jury."* (Emphasis supplied).

As can be seen, the prosecutor emphatically stated to the jury that Mr. Wells, appellant's employer, had asked appellant if he had committed the crime and that appellant made no response. In the view of the prosecutor, this "silence" was an admission of guilt.

Appellant claims that the record discloses that Mr. Wells did not ask him about the crime and that the prosecutor's misquoting of the evidence and his comment about silence being tantamount to an admission of guilt was a misrepresentation of the evidence and was reversible error. We agree.

We have reviewed the testimony of Wells under direct examination by the prosecutor. It is very clear that the arrest of appellant was *not* discussed. The only topic Wells discussed with Beavers was the location of the truck:

"A. I really can't remember what was said. I just asked him where the truck was. He said it was probably down there (the tow–in lot). *We didn't talk about anything else.*

Q. Was it discussed that he had been arrested? Mr. Lambertus (defense counsel): I am going to object to leading the witness.

The Court: Sustained.

Q. I want you to refresh your memory as best you can, Mr. Wells. Was there anything else discussed other than where was the truck?

A. *No, we didn't discuss anything else. We didn't discuss the matter here now. We didn't discuss that at all."* (Emphasis supplied).

The prosecutor persisted, unsuccessfully, in trying to get Wells to testify that he had asked appellant about the arrest. Failing to elicit the evidence he desired, the prosecutor misstated the testimony of a witness, and using the misstatement as a basis, told the jury that silence is "an admission of guilt." Such an argument is highly improper.

That this is misconduct is beyond dispute. It is reprehensible and not befitting the conduct of the high office of prosecutor.

"One of the finest offices the public can give to a member of the legal profession in this state is that of Commonwealth's Attorney. Its very status becomes a mantle of power and respect to the wearer. Though few are apt to wear it lightly, some forget, or apparently never learn, to wear it humbly. No one except for the judge himself is under a stricter obligation to see that every defendant receives a fair trial, a trial in accordance with the law, which means the law as laid down by the duly constituted authorities, and not as the prosecuting attorney may think it ought to be." *Niemeyer v. Commonwealth*, Ky., 533 S.W.2d 518, 522 (1976).

It is clear to us that under the test set out in *Niemeyer, supra,* the misconduct was prejudicial to appellant and therefore constituted reversible error. The jury acquitted appellant on the burglary charge and gave him the minimum sentence on the receiving stolen property charge. The evidence presented against appellant was not strong at best. Under these circumstances, it is clear that the jury was influenced by the tactics used by the prosecution.

The judgment of the circuit court is reversed on the receiving and persistent felo-

ny offender charges with directions to conduct a new trial.

All concur.